Robert R. Ridl CPA Director of Local Government Audits Office of State Auditor 1365 Logan St., Suite 300 Denver, CO 80203
Dear Mr. Ridl:
I am writing in response to your letter of February 24, 1983 which requested a legal opinion whether a cemetery district can hold certain investments. This question arose from a local government audit undertaken by your office.
QUESTION PRESENTED AND CONCLUSION
Whether a cemetery district may continue to hold certificates of deposit and corporate common stock received as donations to the district.
Yes.
ANALYSIS
You have advised me that during a review by your office of the audit reports of a cemetery district, it was noted that the district had a cash account and also held common stock in American Telephone and Telegraph. The cemetery district has advised you that the cash is in the form of certificates of deposit. Both these certificates and the common stock were received as gifts at the time of the formation of the district.
Your specific question is whether the cemetery district may retain these investments without violating Colorado statutes. You have referred me to C.R.S. 1973, 30-20-807 (Supp. 1982), which requires a cemetery district to deposit all moneys with the county treasurer for the county where it is located. You have also referred me to C.R.S. 1973, 24-75-601 and 603 which define legal investments for governmental units in Colorado. Those permissible investments do not include corporate common stock.
You are correct that the above-referenced statutes prohibit a cemetery district from investing in certificates of deposit and corporate common stock. However the legislature has included among the powers of a cemetery district, set out at C.R.S. 1973,30-20-805 (Supp. 1982), the following:
 (c) To receive, acquire, and hold donations or bequests of real or personal property;
Based upon the facts you have provided, the certificates of deposit and corporate common stock were received by the cemetery district as a donation and may be held as such.
It is therefore my opinion that under these circumstances a cemetery district may continue to hold certificates of deposit and corporate common stock received as donations to the district. At such time as the cemetery district sells these investments, however, all proceeds must be deposited with the county treasurer as required by C.R.S. 1973, 30-20-807 (Supp. 1982) and may not be reinvested by the district. If there are facts which differ from those described in this letter, then my opinion may change.
SUMMARY
A cemetery district may retain certain investments received as donations even though it was not permitted to make those investments on its own behalf.
Very truly yours,
 DUANE WOODARD Attorney General
SPECIAL DISTRICTS PUBLIC FUNDS
C.R.S. 1973, 30-20-805
C.R.S. 1973, 30-20-807
C.R.S. 1973, 24-75-601
C.R.S. 1973, 24-75-603
LEGISLATIVE BRANCH Auditor, Office of State
A cemetery district may retain certificates of deposit and common stocks received as donations even though it was not permitted to make those investments on its own behalf.